UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA GRIESS,<br><br>    Plaintiff(s),<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>    Defendant(s). | Case No.: 2:17-cv-235-RFB-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(Docket Nos. 16, 18) |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's cross-motion to affirm, the Commissioner's response to Plaintiff's motion, and Plaintiff's reply. Docket Nos. 16, 18, 19, 26. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

    A.   Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court

1

of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g.*, *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g.*, *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); see also 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.  BACKGROUND

### A.  Procedural History

On February 10, 2012, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of August 31, 2009. Administrative Record ("A.R.") 160-163. Plaintiff's claims were denied initially on June 11, 2013, and upon reconsideration on December 12, 2013. A.R. 99-103, 105-109. On January 23, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 114-115. On May 19, 2015, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher R. Daniels. A.R. 34-59. On August 11, 2015, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from August 31, 2009 through the date of the decision. A.R. 11-27. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 23, 2016. A.R. 1-4. On January 27, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 2.

### B.  The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520 and issued an unfavorable decision on August 11, 2015. A.R. 14-27. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014 and had not engaged in substantial gainful activity since August 31, 2009. A.R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments:

degenerative disc disease of the cervical and lumbar spine, neuropathy, and major depression. A.R. 16-17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 17. The ALJ found that Plaintiff had the residual functional capacity to

> perform light work as defined in 20 CFR 404.1567(b) except, the claimant could never climb ladders, ropes, and scaffolds. The claimant could perform occasional overhead reaching. She is able to tolerate occasional exposure to extreme cold and vibration. The claimant is unable to crouch. Mentally, the claimant is able to perform unskilled work. She could occasionally interact with co-workers and supervisors, but is unable to interact with the general public. Finally, the claimant could adapt to changes consistent with unskilled work.

A.R. 19. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. A.R. 25. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC. *Id.* In doing so, the ALJ defined Plaintiff, currently age 51, as a younger individual age 18-49 on the date last insured, with at least a high school education and able to communicate in English. *Id.* The ALJ found the transferability of job skills immaterial. *Id.* The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors could perform work as an office helper, mail clerk, and packager. A.R. 26.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits. A.R. 26-27.

**III. ANALYSIS AND FINDINGS**

On appeal, Plaintiff makes three arguments. *See generally* Docket No. 16. First, Plaintiff argues that the ALJ ignored extensive parts of the record and cited only parts of the record that support a denial of benefits. *Id.* at 25-27. Second, Plaintiff argues that the ALJ improperly discounted her treating physicians' records by not mentioning them and did not evaluate her migraines, chronic pain syndrome, and myositis. *Id.* at 27-28. Lastly, Plaintiff argues that the ALJ

6

erred in finding her not fully credible because he misstated her testimony regarding her pain medication and daily activities. *Id.* at 29-30.

      A.      Citation to the Record

Plaintiff contends that the ALJ selectively cited to portions of the record which support a denial of disability and failed to mention other parts of the record, which support an award of benefits. *Id.* at 25-27. Plaintiff submits a list of names she contends that the ALJ failed to explicitly mentioned in his decision, along with names that were explicitly mentioned. *Id.* at 26.

The Commissioner submits that, although the ALJ did not address each piece of evidence in the record or each physician by name, he did address the physicians' reports and notes by exhibit number. Docket No. 18 at 2 (internal citations omitted). The Commissioner further submits that certain parts of the record contained information from organizations that "do not express opinions that the ALJ is required to consider or discuss." *Id.* at 3. The Commissioner has the better argument.

The ALJ need not mention every record, but should list those records that may be important to the claim. Docket No. 16 at 2; *see e.g.*, *Van Sickle v. Astrue*, 385 Fed. Appx. 739, 741 (9th Cir. 2010) ("Although the ALJ 'need not discuss all evidence presented to [him], he must explain why significant probative evidence has been rejected'") (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1983)). The Court agrees with the Commissioner that the ALJ's decision provides adequate citations to various parts of the record by referencing a physician's name or the exhibit number of a physician's reports or notes. *See generally* A.R. 20-24. The Court therefore finds that the ALJ's decision is properly supported by citations to the record and that it did not omit "whole categories of records and opinions of Plaintiff's physicians." Docket No. 16 at 25.

      B.      Treating Physicians' Records

Plaintiff contends that, although the ALJ is not required to mention each part of the record, Dr. Rainer Vogel's (Plaintiff's treating physician) assessments regarding Plaintiff's neuropathy "may be outcome determinative of the claim" and, therefore, should have been mentioned. *Id.* at 26. Plaintiff further contends that the ALJ did not consider the opinions or cite to the reports

7

provided by Plaintiff's other treating physicians, Drs. Omar Cabahug and William S. Muir. *Id.* Additionally, Plaintiff contends that the ALJ misconstrued Dr. Lisa Shaffer's (Plaintiff's psychologist) reports because he stated that Plaintiff's cognitive and social limitations were moderate, as opposed to "moderate to significant." *Id.* at 27-28.

The Commissioner responds that the ALJ's decision cites to the medical reports of Drs. Vogel, Cabahug, and Muir, even if it does not use their names. Docket No. 18 at 3; *see also infra* Section III(A). The Commissioner further submits that the ALJ considered Dr. Shaffer's functional assessment, including the levels of impairment for Plaintiff's ability to understand, remember, and carry out simple one or two-step instructions, complex/detailed instructions, an extensive variety of complex instructions and Plaintiff's ability to interact appropriately with supervisors, co-workers, and the public. Docket No. 18 at 3-4. The Commissioner further submits that the ALJ considered Dr. Shaffer's functional assessment regarding Plaintiff's ability to maintain adequate attention and concentration for simple one or two step instructions, complex/detailed instructions, and an extensive variety of complex instructions. *Id.* Additionally, the Commissioner submits that the ALJ's RFC assessment "specifically limited Plaintiff to occasionally interacting with co-workers and supervisors" and found that Plaintiff had a moderate limitation in concentration, persistence, or pace. *Id.* at 4-5; A.R. 18-19. Therefore, the Commissioner submits, the ALJ's RFC assessment "was fully consistent with Dr. Shaffer's findings." Docket No. 18 at 4.

The Court finds that the ALJ considered Dr. Shaffer's functional assessment to determine Plaintiff's RFC, as is evidenced by the consistency between his RFC finding and Dr. Shaffer's findings. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony"). Additionally, the Court finds that the the ALJ's RFC assessment and finding that Plaintiff could perform unskilled work are further supported by sufficient evidence from Dr. Susan Kotler's findings that Plaintiff was moderately impaired in maintaining concentration, persistence, or pace, and that she was able to perform simple tasks. Docket No. 18 at 5 (internal citations omitted); *see*

8

*also Rodriguez v. Comm'r SSA*, 2013 U.S. Dist. LEXIS 120667, at *20 (D. Or. Aug. 26, 2013) (finding that the ALJ's determination that the plaintiff was moderately limited with regard to concentration, persistence, and pace "was adequately incorporated into the RFC if substantial evidence in the medical record demonstrates that the limitation of plaintiff to unskilled work … adequately accounts for the concentration, persistence, and pace limitation"). The Court, therefore, finds that the ALJ properly considered Plaintiff's treating physicians' records. The Court further finds that the ALJ did not misconstrue Dr. Shaffer's functional assessment in determining Plaintiff's RFC.

### C. Plaintiff's Credibility

Plaintiff contends that the ALJ erred in finding her not fully credible based on her testimony regarding her pain medication and daily activities. Docket No. 16 at 29-30. Plaintiff contends that the ALJ's finding that "[Plaintiff's] medication is effective in controlling her neuropathy and pain" is unsupported by the evidence because she testified that her medication only "somewhat" helps with her neck and lower back pain and that she is allergic to most of her medication. *Id.* at 29 (internal citations omitted). Plaintiff further contends that the ALJ improperly found her not fully credible by understating her daily activities. *Id.* at 29-30. Plaintiff contends that she does not intend to suggest disabling impairments but instead, that her "activities of daily living were done slowly, intermittently and with help." *Id.* Additionally, Plaintiff contends that the ALJ failed to consider her non-severe impairments. *Id.* at 29.

The Commissioner responds that Plaintiff fails to provide support for her contention that the ALJ failed to consider her non-severe impairments. Docket No. 18 at 6. The Commissioner further submits that, although Plaintiff testified that she was allergic to most medications, she simultaneously testified that the medication to which she was not allergic provided some relief and that her neuropathy was controlled with Lyrica. *Id.* The Commissioner further submits that the ALJ properly discounted Plaintiff's testimony regarding assistance she required with her daily activities because it conflicted with her statements to Dr. Shaffer where she "made no mention of such restrictions." *Id.* at 6-7.

In determining a claimant's credibility, an ALJ must determine if the objective medical evidence could reasonably be expected to produce claimant's alleged symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1112-1113 (9th Cir. 2012). Otherwise, an ALJ must provide "clear and convincing reasons" for discrediting the claimant's credibility. *Id.*; *see also Beatty v. Colvin*, 2015 U.S. Dist. LEXIS 180689, at *42-44 (D. Nev. Dec. 20, 2015). Inconsistencies between the claimant's testimony or inconsistencies between claimant's testimony and conduct or activities may constitute clear and convincing reasons. *See Lawrence v. Colvin*, 2016 U.S. Dist. LEXIS 48353, at *27-29 (D. Nev. Feb. 11, 2016); *see also Beatty*, 2015 U.S. Dist. LEXIS 180689, at *42-44. The Ninth Circuit, however, cautions ALJs in concluding that conduct or "daily activities are inconsistent with testimony about pain" because impairments that may preclude work are often "consistent with doing more than merely resting in bed all day." *Lawrence*, 2016 U.S. Dist. LEXIS 48353, at *27-29.

As an initial matter, Plaintiff fails to indicate which of her non-severe impairments she believes were improperly omitted. Docket No. 16 at 29. The Court finds, therefore, that Plaintiff fails to provide a meaningfully developed argument and does not address the merits of this contention. *See Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005) (rejecting blanket claims of privilege as sufficient to address the applicable standard); *see also Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only address arguments that are meaningfully developed).

In the instant case, Plaintiff testified that, although she is allergic to most pain medications, she is not allergic to the ones she is taking, and those medications somewhat" help her symptoms, although not "completely." A.R. 42. Plaintiff further testified that she is taking Lyrica for the neuropathy and that "[i]t does help with the restless leg syndrome … [and that she is] not feeling it as much as [she] was … [but] [i]t is still there." A.R. 43. An ALJ may discredit a claimant's testimony if a claimant's symptoms are properly controlled or treated, which is the case here. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Pitts v. Colvin*, 2014 US. Dist. LEXIS 63142, at *25-26 (Jan. 30, 2014). The Court, therefore, finds that the ALJ did not misstate or err in discrediting Plaintiff's testimony regarding her pain medication.

Regarding Plaintiff's daily activities, the ALJ found that Plaintiff's testimony of her limitations was inconsistent with her statements to Dr. Shaffer.  A.R. 20.  Plaintiff testified at the hearing on May 19, 2015, that "I can't do much of anything at all anymore. [My children] help me with everything."  A.R. 47.  On April 23, 2013, Dr. Shaffer's evaluation notes discuss Plaintiff's daily activities but do not indicate that Plaintiff mentioned requiring assistance.  A.R. 573, 577.  The ALJ found that Plaintiff's testimony conflicted with her reporting to Dr. Shaffer and, therefore, found Plaintiff not fully credible.  A.R. 20; Docket No. 18 at 6-7.  The Court finds this reason sufficient to discredit Plaintiff's testimony.

## IV. CONCLUSION

Based on the foregoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 16) be **DENIED** and that the Commissioner's cross-motion to affirm (Docket No. 18) be **GRANTED**.

IT IS SO ORDERED.

DATED: April 19, 2018.

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document**. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

11