UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LAURA GREISS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

    Defendant.

Case No. 2:17-cv-00235-RFB-NJK

**ORDER REJECTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE**

## I. INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered April 19, 2018. ECF No. 27. Plaintiff objected on May 29, 2018. ECF No. 30. For the reasons discussed below, the Report and Recommendation is rejected.

## II. BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts and procedural history, and so the Court incorporates and adopts, without restating, that "background" section here. See ECF No. 27 at 5:09–6:21.

## III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C.

§ 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. at 1039. When determining assigning weight and resolving conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing'

reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight ... even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). However, the ALJ may reject conclusory opinions in the form of a checklist containing no explanations for the conclusions. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the physician providing the opinion; and, other factors which support or contradict the opinion. Id., 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Id. at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The claimant does not need to produce evidence of the symptoms alleged

or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "[S]ubjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," however objective medical evidence, evidence of conservative treatment, and contradictions found by considering the claimants daily activities are relevant factors in determining the severity of the claimant's pain and its disabling effects. Rollins v. Massanari, 261 F. 3d 853, 856–57 (9th Cir. 2001). "Many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Therefore, "claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick, 157 F.3d at 722.

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. AR 1 at 25-26. At step five, the ALJ determines based on the claimant's residential functional capacity ("RFC") whether the claimant can make an adjustment to substantial gainful work other than her past relevant work. 20 C.F.R. § 404.1520(g).

**IV. DISCUSSION**

ALJ Christopher R. Daniels issued a decision on August 11, 2015 finding Plaintiff ineligible for disability under sections 216(I and 223(d) of the Social Security Act. AR 1 at 27. The ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, neuropathy, and major depression. AR 1 at 16. The ALJ

concluded that Plaintiff had the residual functional capacity to perform "light work" as defined in 20 C.F.R. 404.1567(b), except for the following additional findings: she can never climb ladders, ropes, and scaffolds; she can perform occasional overhead reaching; she can tolerate occasional exposure to extreme cold and vibration; she is unable to crouch; she is mentally able to perform unskilled work; she can occasionally interact with co-workers and supervisors, but unable to interact with the general public; and she can adapt to changes consistent with unskilled work. AT 1 at 19. The ALJ found that Plaintiff could not resume performance of past relevant work as a bartender. AR 1 at 25. However, based on the vocational expert's testimony, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as Office Helper (DOT 239.567-010), Mail Clerk (DOT 209.687-26), and Packager (DOT 902.587-018). AR 1 at 26.

The Magistrate Court, the Honorable Nancy J. Koppe, reviewed the ALJ's decision and found the ALJ's decision was supported by substantial evidence free from legal error. ECF No. 27. Judge Koppe found that even though the ALJ did not identify Plaintiff's treating physicians by name, the ALJ adequately cited to and properly considered the records that were important to the claim. Id. at 7:8-23, 8:20-9:08. Judge Koppe found that the ALJ did not misstate Plaintiff's testimony and provided reasons sufficient to discredit it. Id. at 10:20-28, 11:01-08.

After review of the record, the parties' briefs, and Judge Koppe's Report, the Court concludes that the ALJ erred in his analysis of Plaintiff's disability claim. Specifically, the ALJ failed to find all severe impairments at step two and failed to provide clear and convincing reasons for discrediting Plaintiff's testimony.

**A. Error at Step Two**

Plaintiff argues that the ALJ failed to consider her migraine headaches as evidenced by her testimony and as chronicled by treating neurologist Omar B. Cabahug, M.D. ECF No. 18 at 11-12, 21, 26-27; ECF No. 30 at 4-6. At step two, the ALJ found only the following severe impairments: degenerative disc disease of the cervical and lumbar spine, neuropathy, and major depression. The ALJ overlooked substantial evidence that Plaintiff suffers from migraine headaches which rise to the level of a medically severe impairment. Dr. Cabahug treated Plaintiff

for migraines on several occasions from June 2012 to August 2014. Ex. 20F. He prescribed Topamax and, in response to Plaintiff's continued "daily severe" headaches, increased the prescribed dose. Ex. 20F at 9, 7. In February 2014, Plaintiff reported a decrease in headaches to three to five per month. Ex. 20F at 5. In June 2014, she received Botox injections to treat her ongoing migraines, Ex. 20F at 3, which she reported did not help, Ex. 20F at 1. In a function report, Plaintiff's husband Mark Griess noted that Plaintiff's headaches affect her memory, concentration, understanding, and ability to complete tasks. Ex. 5E at 6. At the hearing, Plaintiff testified that she currently suffers from migraine headaches fifteen days out of the month. AR 1 at 49.

The Ninth Circuit has held that, where a treating physician's opinions and ultimate conclusions are not contradicted by another doctor, an ALJ may only reject them for "clear and convincing" reasons. Lester, 81 F.3d at 830. This standard cannot be met where, as here, the ALJ fails to acknowledge a treating physician's treatment notes and other corroborating evidence of a severe impairment in the record. This error was not harmless. Having failed to find that Plaintiff's migraine headaches were a severe impairment at step two, the ALJ necessarily failed to consider how this impairment affected her RFC at step five. See Smolen, 80 F.3d at 1290. Headaches occurring fifteen days out of the month which cause pain and affect memory, concentration, understanding, and ability to complete tasks could greatly impact the ALJ's determination of Plaintiff's RFC.

Additionally, the ALJ failed to acknowledge Plaintiff's testimony regarding the severity and frequently of her migraines, which is consistent with Dr. Cabahug's diagnosis and treatment. The Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, 454 F.3d 1050, 1056 (9th Cir. 2006).

**B. Error in Discrediting Plaintiff**

Plaintiff argues that the ALJ did not properly credit her testimony. ECF No. 18 at 29; ECF No. 30 at 6-8. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements concerning the

intensity, persistence and limiting effects of these symptoms were not entirely credible. The ALJ provided three reasons. First, the ALJ found that Plaintiff's activities of daily living do not suggest disabling impairments. Second, the ALJ found that, based on Plaintiff's testimony, Plaintiff's medication effectively controls her neuropathy and pain. Third, the ALJ found the objective medical evidence did not support the alleged extent of Plaintiff's limitations.

As there is no evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of her symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). The ALJ's reasons for failing to credit Plaintiff's testimony, particularly regarding the effects of her pain, do not satisfy the standard.

### i. Activities of Daily Living

The ALJ noted that Plaintiff reported watering the lawn, helping with cooking, taking her daughter to school and her son to work, going shopping, and performing laundry. The ALJ concluded without providing reasoning: "In sum, the claimant's activities of daily living are inconsistent with having disabling impairments." AR 1 at 20.

"ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison, 759 F.3d at 1016. The ALJ failed to specifically, clearly, and convincingly explain why these activities are consistent with an ability to function in a full-time workplace environment.

Moreover, the ALJ mischaracterized Plaintiff's self-reported activities of daily living by declining to discuss or credit Plaintiff's reported struggles and limitations. For example, the ALJ did not discuss Plaintiff's testimony that she spends between four and eight hours in bed between 8:00 AM and 5:00 PM or her testimony that after she goes grocery shopping she cannot do anything else that day and sometimes not the next day either, even though this testimony is consistent with Plaintiff's general abilities to water the lawn, help with cooking, drive, shop, and

do laundry and inconsistent with the ability to work full time.

### ii. Efficacy of Medication

Regarding Plaintiff's testimony, the ALJ reasoned as follows: "the claimant testified that her neuropathy is controlled with Lyrica. Furthermore, the claimant testified that her pain medication is partially effective in managing her pain. In sum, this evidence reflects that her medication is effective in controlling her neuropathy and pain." AR 1 at 20.

The ALJ mischaracterizes Plaintiff's testimony regarding Lyrica. Plaintiff testified only that Lyrica has helped with, though does not control, her restless leg syndrome that keeps her awake most nights. AR 1 at 43. She did not testify that Lyrica controls or even helps with her other symptoms of neuropathy, which she described as "constant" and made worse by either standing or sitting for "anything more than ten minutes." AR 1 at 43, 44. She testified that her neuropathy has caused her to fall twice due to numbness, once resulting in her dislocating her shoulder. AR 1 at 43, 52. Plaintiff's testimony directly contradicts a finding that Lyrica controls Plaintiff's neuropathy.

The ALJ correctly characterizes Plaintiff's testimony that her pain medication is only partially effective in managing her pain, see AR 1 at 42, but does not explain why he therefore inconsistently concludes that her pain medication is effective in controlling her pain. Plaintiff testified that her neck pain is "stabbing, aching, burning, throbbing" and "almost constant." AR 1 at 42. She testified that her back pain occurs between three and six days per week. AR 1 at 42. She testified that she has pain in her arms any time she uses them, including writing, washing her hair, folding clothes, using the computer, holding a book, driving a car, or doing anything with her hands. AR 1 at 48. She testified that pain medication helped somewhat, but not completely. AR 1 at 42. This testimony is consistent with the objective medical evidence and does not support a conclusion that her pain medication is fully effective to control her pain.

### iii. Objective Medical Evidence

The ALJ found that the objective medical evidence reflects that Plaintiff is not as limited as she alleges. The ALJ cited to evidence of normal findings of strength and gait, but also cited to evidence that Plaintiff has a painful and limited range of motion in her cervical spine, mild

degenerative changes in her lumbar spine, decreased strength and sensation on her left side, a limited range of motion in her left shoulder, and slowed gait due to pain. The ALJ failed to explain why these objective findings could not support the degree of pain and limitations alleged by Plaintiff.

### C. Need for Additional Proceedings

Having founds that the ALJ erred in its disability determination, the Court next considers whether to remand for additional proceedings or for an award of benefits. "[T]the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (quoting I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002)). This Court "can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 n.6 (9th Cir. 2014) (citation omitted). The Court considers whether the record is fully developed, whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administration proceedings would be useful. Id. at 1101. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." Id.

Remand is "required to allow an agency to consider in the first instance an issue that it ha[s] not previously addressed." Benecke, 379 F.3d at 595 (9th Cir. 2004). Here, the ALJ did not address Plaintiff's migraine headaches and must be permitted to consider this medically severe impairment and its effect on Plaintiff's RFC in the first instance. On remand, the ALJ is instructed to credit Plaintiff's testimony regarding her pain and limitations. The ALJ is further instructed to consider all medically determinable impairments in the record, including migraine headaches, and to evaluate the resultant limitations when determining Plaintiff's RFC.

### V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 27) is REJECTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment (ECF No. 16) is GRANTED and that Defendant's Cross–Motion to Affirm (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that the decision of the ALJ Is VACATED and the case is REMANDED to the Agency for further administrative proceedings. On remand, the Appeals Council will remand the case to an ALJ for a new decision. The ALJ is instructed to credit Plaintiff's testimony regarding her pain and limitations when evaluating her RFC. The ALJ is further instructed to consider all medically determinable impairments in the record, including migraine headaches, and to evaluate the resultant limitations when determining Plaintiff's RFC.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED:** October 22, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**